IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN C. CREUZOT, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:17-CV-404-M-BK |
| | § | |
| ALVIN GREEN, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Chief Judge Lynn's Order of Reference, Doc. 51, before the Court is Plaintiff's *Suggestion of Mootness and Request for Costs and Attorneys' Fees*, Doc. 49. For the reasons stated here, Plaintiff's motion should be **GRANTED**, and this action should be **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND AND PARTIES' ARGUMENTS

On February 22, 2017, Plaintiff John C. Creuzot filed his Verified Amended Complaint and Application for Preliminary Injunction, alleging a violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 8131, stemming from Defendant's registration of three domain names: <johncreuzotforda.com>; <creuzotforda.com>; and <creuzot2018.com> (collectively "the Domain Names").[1] Doc. 6. Defendant Alvin Green, proceeding without the assistance of legal counsel, filed a timely answer, in which he denied Plaintiff's allegations and

---

[1] The symbols "< >" are not actually part of the Domain Names but are used to prevent the insertion of live hyperlinks throughout this document.

specifically asserted that the Domain Names are not protected by the ACPA and that he never offered to sell them to Plaintiff. Doc. 14.

On May 15, 2017, an evidentiary hearing was held before the undersigned United States magistrate judge, at which Plaintiff and Defendant each testified extensively and presented documentary evidence. Doc. 21. Subsequently, on June 9, 2017, the Court, accepting the findings, conclusions and recommendation of the undersigned magistrate judge, Doc. 24, issued its Preliminary Injunction enjoining Defendant from (1) using the Domain Names; and (2) using/registering additional domain names that consisted of Plaintiff's name or any name substantially or confusingly similar thereto. Doc. 25.

In his *Suggestion of Mootness and Request for Costs and Attorney's Fees*, Doc. 49, Plaintiff argues that (1) he has achieved all equitable relief sought against Defendant, (2) this case is moot and trial is not necessary because Defendant "no longer owns or possesses the domains at issue," and (3) Plaintiff is entitled to an award of attorneys' fees and costs. Doc. 49 at 1-2. Despite stating otherwise in the parties' *Joint Pretrial Order*, Doc. 53 at 1 ("both parties agree that the claims asserted by [Plaintiff] in this case have been mooted"), Defendant responds that this case is ripe for trial because he filed a counterclaim and this "lawsuit should not be rule[d] moot unless both parties agree." Doc. 54 at 3. Furthermore, Defendant opposes Plaintiff's request for attorneys' fees, arguing that: (1) such an award would deny Defendant due process; and (2) Plaintiff has not satisfied the requirements for such an award. Doc. 54 at 3-5.

## II.    APPLICABLE LAW AND ANALYSIS

### A. *This Case is Moot*

In general, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Indiv. Freedom v. Carmouche,*

449 F.3d 655, 661 (5th Cir. 2006). When a case becomes moot, the Court no longer has subject matter jurisdiction. *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). Moreover, the Court is always obligated to consider, even *sua sponte*, whether it has subject matter jurisdiction. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

To establish liability under the ACPA, Plaintiff must prove that Defendant (1) registered a domain name; (2) consisting of the name of another living person, or a name "substantially and confusingly similar" thereto; (3) without that person's consent; (4) with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party. 15 U.S.C. § 8131(1)(A). Plaintiff has attached to his motion documentary evidence that the Domain Names are no longer registered in Defendant's name. *See* Doc. 50 at 6, 12, 17, 23. Neither in his response, nor in a previous hearing before the Court where the issue of the registrations was raised, has Defendant ever disputed this fact. Consequently, Plaintiff's ACPA claim is now moot. *Cf. Okorocha v. Duff*, 596 Fed.Appx. 537, 539 n.2 (9th Cir. 2015) (noting that a plaintiff's ACPA claim "may be moot given that the [domain name] now appears to be run by [the plaintiff]"). And while Plaintiff ostensibly could continue to seek a permanent injunction, he has effectively abandoned any request for such relief by his suggestion of mootness. *See* 15 U.S.C. § 8131(2) (authorizing that "a court may award injunctive relief, including the forfeiture or cancellation of the domain name or the transfer of the domain name to the plaintiff").

Defendant's argument that his pending counterclaim prevents a finding of mootness is of no moment. Defendant's sole counterclaim is for the award of attorneys' fees, Doc. 14 at 7, to which he is not entitled. *See Kay v. Ehrler*, 499 U.S. 432, (1991) ("[A] *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." (emphasis in original)). Additionally, Defendant's

3

assertion that mooting Plaintiff's claim would deprive Defendant of due process is wholly unsupported.

As there no longer exists a controversy as required for the Court's exercise of subject matter jurisdiction under Article III of the United States Constitution, this case should be dismissed without prejudice as moot.

B. *Plaintiff is Entitled to Attorneys' Fees*

Under the ACPA, the Court may, in its discretion, award attorneys' fees to Plaintiff if he is a prevailing party. 15 U.S.C. § 8131(2). Having successfully obtained a preliminary injunction in this case, the Court concludes that Plaintiff is the prevailing party.

In *Dearmore v. Garland*, 519 F.3d 517 (5th Cir. 2008), the United States Court of Appeals for the Fifth Circuit held that a plaintiff who secured a preliminary injunction against enforcement of a municipal ordinance could still recover attorneys' fees even though the city later mooted the case by amending the contested ordinance. *Dearmore v. Garland*, 519 F.3d 517, 519-20, 524-26. In doing so, the court established that to qualify as a prevailing party in a preliminary injunction context, a plaintiff:

> (1) must win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claim as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits.

*Id.* at 524; *see also Davis v. Abbott*, 781 F.3d 207, 216-17 (5th Cir. 2015) (citing *Dearmore* for the same proposition).

Here, Plaintiff satisfies each prong of the *Dearmore* test: (1) the Court entered a preliminary injunction in his favor, Doc. 25; (2) the Court, after extensive analysis, found that "Plaintiff is likely to succeed on the merits," Doc. 22 at 4-10, 12-13; and (3) Defendant ended his

4

registration of the domain names after the Court entered the preliminary injunction, which mooted Plaintiff's ACPA claims and prevented Plaintiff from obtaining final relief on the merits. *Cf. Dearmore*, 519 F.3d 517 at 525 (finding the third prong was satisfied and noting that "this is not a case in which the City voluntarily changed its position [thereby mooting the case] *before* judicial action was taken" (emphasis in original)).

Based on the foregoing, the Court concludes that as prevailing party under the ACPA, Plaintiff is entitled to be reimbursed his reasonable attorneys' fees and costs. Accordingly, **within 14 days of the date that the district judge's acceptance of this recommendation**, Plaintiff is **ORDERED** to file a motion for reimbursement of his attorneys' fees and reasonable costs incurred, accompanied by detailed billing records. Any response by Defendant contesting the amounts claimed shall be due **within 14 days of Plaintiff's filing**.

Finally, although Plaintiff requests dismissal of this case with prejudice, Doc. 49 at 5, a "dismissal for lack of subject matter jurisdiction is not a decision on the merits and should be without prejudice." *New South Federal Savings Bank v. Murphree*, 55 Fed. Appx. 717, 1 (5th Cir. 2002) (per curium) (citing *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996)). .

### III.    CONCLUSION

For the reasons stated here, Plaintiff's motion, Doc. 49, should be **GRANTED**, and this action should be **DISMISSED WITHOUT PREJUDICE**. In addition, Plaintiff should be awarded his reasonable attorneys' fees and costs.

**SIGNED** June 13, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).