IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN C. CREUZOT,          PLAINTIFF, | § § § | |
| v. | § § | CASE NO. 3:17-CV-404-M-BK |
| ALVIN GREEN,          DEFENDANT. | § § § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Chief Judge Lynn's Order of Reference, Doc. 66, before the Court is Plaintiff's *Motion for Attorneys' Fees and Reasonable Costs*, Doc. 65. For the reasons stated here, Plaintiff's motion should be **GRANTED IN PART**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Given the parties' familiarity with the case, the Court will not recite the facts in detail. For purposes of this motion it is sufficient to state that Plaintiff claimed that Defendant violated the Anti-Cybersquatting Consumer Protection Act ("ACPA") by his registration of certain domain names. Ultimately, the Court granted the relief requested by *Plaintiff's Suggestion of Mootness and Request for Costs and Attorneys' Fees*, Doc. 49, and ordered Plaintiff to file a motion for reimbursement of his attorneys' fees and reasonable costs, along with detailed billing records. Doc. 63 at 1. On July 15, 2019, Plaintiff timely filed the instant motion, seeking attorneys' fees of $72,641.50 and reasonable costs of $1,354.78 ($73,996.28 total). Doc. 65 at 1. Although Defendant had 14 days after Plaintiff's filing to contest the amount claimed, Doc. 63 at 1, he did not do so.

## II. LAW

Under the ACPA, the court may, in its discretion, award attorneys' fees and costs to the prevailing party. 15 U.S.C. § 8131(2). The Court previously concluded that Plaintiff is a prevailing party under the ACPA and, thus, is entitled to reimbursement of his reasonable attorneys' fees and costs. *Creuzot v. Green*, No. 3:17-CV-404-M-BK, 2019 WL 2746612, at *2 (N.D. Tex. June 13, 2019), *report and recommendation adopted*, No. 3:17-CV-404-M-BK, 2019 WL 2743794 (N.D. Tex. July 1, 2019); Doc. 60 at 5. The Court now determines whether the attorneys' fees and costs claimed by Plaintiff are reasonable.

## III. ANALYSIS

### A. The Lodestar

In adjudicating an award of attorneys' fees in the Fifth Circuit, the court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of proof on each issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light*, 50 F.3d at 324. Next, the court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Riley*, 99 F.3d at 760. "Many of these factors usually are subsumed within the initial

---

[1] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). There is a strong presumption that the lodestar figure represents a reasonable fee. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992).

### 1. Hourly Rates

In establishing reasonable hourly rates, the fee applicant typically submits "copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individual's litigation skills generally." *S & H Indus., Inc. v. Selander*, No. 11-CV-2988-M-BH, 2014 WL 1116700, at *5 (N.D. Tex. Mar. 20, 2014) (Lynn, J.) (citation omitted); *see also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.").

"When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate." *S & H Indus.*, 2014 WL 1116700 at *6 n.5 (citing *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995)). More recently, however, courts have reduced the asserted hourly rate when the fee applicant fails to "supply any supporting documentation to determine the prevailing market rate in the Dallas area" via "affidavits of other attorneys practicing there." *S & H Indus.*, 2014 WL 1116700, at *6 (citing *Tollett*, 285 F.3d at 368. Courts are also permitted to reduce hourly rates even when they are supported by affidavits form attorneys inside and outside the firm, bar surveys, attorneys' fees in similar cases, and the skills of the movant's attorneys. *See Miller v. Raytheon Co.*, 716 F.3d 138,

---

attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

149 (5th Cir. 2013) (affirming district court's determination that a thirty percent reduction in the hourly rates of $825, $775, and $400 to $577.50, $542.50, and $280 for the three primary attorneys was reasonable); *Paisano Capital SA de CV v. 23 Texas Produce, Inc.*, No. 3:19-CV-0852-B, 2019 WL 3239152, at *6-7 (N.D. Tex. July 18, 2019) (Boyle, J.) (concluding hourly rate of $125.00 for legal assistants was reasonable).

Here, Plaintiff supports his motion with professional biographies, a detailed billing statement, and an affidavit from Plaintiff's counsel. Doc. 65-1 at 4-24. Specifically, Attorney Stanton avers that the following hourly rates, which differ depending on the services rendered,[2] are reasonable for the nature of the work performed in this case: J. Stanton ($725 or $975/hour; founding attorney); J. Richards ($495 or $595/hour; attorney); S. Kelly ($495/hour; attorney); S. Ravandi ($90 or $160/hour; legal assistant); C. Davenport ($90 or $160/hour; legal assistant); and A. Brakebill ($160/hour; legal assistant). Doc. 65-1 at 15-24. However, Plaintiff's asserted hourly rates are higher than those both the Court of Appeal for the Fifth Circuit and this Court have previously deemed reasonable in cases requiring similar skill, and Plaintiff has submitted no evidence regarding the prevailing market rate in the Dallas area, such as affidavits from other attorneys practicing in Dallas, bar surveys, or attorneys' fees in similar cases. *See Miller*, 716 F.3d at 149. Accordingly, the Court concludes that a thirty-percent reduction in the hourly rates of Plaintiff's counsel is warranted.

### 2. Number of Hours

In order to determine the reasonable number of hours expended in a case, the fee applicant must present adequately documented time records to the court. *Bode v. United States*,

---

[2] *See* Doc. 65-1 at 17 (charging $725.00/hour to "receive monetary settlement demands from A. Green and relay same to client" and $975/hour for "[c]orrespondence with A. Green rejecting demand for attorneys' fees . . . update client regarding failed efforts at early resolution.").

919 F.2d 1044, 1047 (5th Cir. 1990).  Here, Plaintiff submitted billing records from Stanton LLP, which shows the firm billed 172.9 hours.  Doc. 65-1 at 15-24.  Upon review of the billing records, the Court finds the number of hours expended reasonable and necessary for the successful prosecution of this action.  Considering the *Johnson* factors, however, the Court also finds that further reduction is warranted.  Based on the straight-forward claims asserted by Plaintiff, the resolution of most issues at the preliminary injunction stage, lack of any evidence or assertion that other employment was precluded by Plaintiff's counsel's acceptance of the case, and the harsh reality that the *pro se* Defendant was grossly outmatched by Plaintiff's counsel at every stage of the case, the Court finds that a further reduction of ten percent is warranted.

## IV.  CONCLUSION

For the reasons stated here, Plaintiff's motion, Doc. 65, should be **GRANTED IN PART**, and Defendant ordered to pay Plaintiff $44,939.68 in reasonable attorneys' fees and costs (based on reduced attorneys' fees of $43,584.90 and costs of $1,354.78).

**SO RECOMMENDED** on October 29, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).